**DAVID R. REED**
Attorney at Law
State Bar No. 62479
3699 Wilshire Blvd., Suite 850
Los Angeles, CA  90010
Phone:  (310) 854-5246
Fax:     (760) 674-0224
Email:   Automatictrials@yahoo.com

**JAY L. LICHTMAN**
Attorney at Law
State Bar No. 73399
3550 Wilshire Blvd., Suite 2000
Los Angeles, CA  90010
Phone: (213) 386-3878
Fax:     (213) 388-3444
Email:   jaylawla@aol.com

Attorneys for Petitioner
CONRAD JESS ZAPIEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONRAD JESS ZAPIEN, | ) **DEATH PENALTY CASE** |
| Petitioner, | ) Case No. CV 94-1455-WDK |
| v. | ) **JOINT STATUS REPORT** |
| | ) **RE: MISSING TRANSCRIPTS** |
| VINCENT CULLEN, Warden of California State Prison at San Quentin, | ) |
| Respondent. | ) UNITED STATES DISTRICT JUDGE WILLIAM D. KELLER |

TO: THE CLERK OF THE ABOVE-ENTITLED COURT:

Pursuant to the Court's August 2, 2010 Order, the parties met and conferred regarding the preparation of missing transcripts and thereafter received a Declaration from court- reporter, Mr. David M. Lee, on August 12, 2010.  Mr. Lee explained that he made a diligent effort to obtain the "electronic notes" and missing transcripts but had not been able to do so.  Mr. Lee further explained that before he left the Central District he would have filed his "paper notes" and any transcripts with the district court clerk.

1    To determine whether the district court had the paper notes or any prepared transcripts

2    of the proceedings, counsel recontacted  Court Reporter Coordinator Ms. Blanca Aguilar

3    and provided her with a copy of the court's August 2, 2010 order and Mr. Lee's August 12,

4    2010 declaration and the original Transcript Designation form to aid her in locating the

5    missing transcripts. Ms. Aguilar responded to Mr. Reed that the district court clerk's office

6    is not in possession of Mr. Lee's paper notes or any prepared transcripts of the proceedings.

7    Accordingly, appellant's counsel have determined that they have made all diligent efforts

8    to obtain the transcripts and cannot envision what further efforts may be made to obtain

9    them.

10    Moreover, along with making every effort to obtain the transcripts of the hearings,

11    appellant's counsel have attempted to settle the record without transcripts.  Because the

12    subject transcripts pertain to hearings that occurred some fifteen or sixteen years ago,

13    appellant's counsel are not able to recall with any meaningful specificity the content of

14    these hearings.  Nevertheless, counsel have attempted to locate any notes they had of the

15    hearings without success.  Moreover, respondent's counsel previously agreed to make a

16    diligent search for notes of the hearings but reported that none could be located.  It should

17    also be pointed out in this regard that five of the seven hearings were under seal so that

18    respondent's counsel would, of course, not have any notes of those proceedings.

19    Because  appellant's counsel cannot recall what occurred at the two hearings in which

20    respondent's counsel participated and because the five other hearings were under seal and

21    respondent's counsel would not be able to agree to what transpired, appellant's counsel

22    believe that they have made every effort to settle the record but are unable to meaningfully

23    add  to the current record.

24    ///

25    ///

26    ///

27    ///

28    ///

1        Accordingly, Petitioner's counsel will litigate the appeal without the transcripts or

2   without attempting to settle the record in the district court for the subject hearings.

3

4

5   Dated: September 21, 2010                    /s/
                                                 DAVID R. REED, Counsel for Petitioner
6

7

8   Dated: September 21 , 2010                   /s/
                                                 JAY L. LICHTMAN, Counsel for Petitioner
9

10

11  Dated: September 21, 2010              /s/ by Jay Lichtman per authorization
                                           JOSEPH LEE, Deputy Attorney General
12                                         Counsel for Respondent

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Zapien-Jt.Stat.Rpt.914